IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2013

## DEMARCUS SANDERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 10-02677      J. Robert Carter, Jr., Judge**

**No. W2012-01685-CCA-R3-PC  - Filed November 8, 2013**

Petitioner, Demarcus Sanders, appeals from the trial court's denial of post-conviction relief following an evidentiary hearing.  Petitioner attacked his guilty plea to second degree murder and his resulting twenty-five-year sentence on the basis that his trial counsel rendered ineffective assistance of counsel as a result of which Petitioner entered a guilty plea that was not knowingly and voluntarily entered.  After a thorough review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JEFFREY S. BIVINS, JJ., joined.

Juni S. Ganguli, Memphis, Tennessee, for the appellant, Demarcus Sanders.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In his brief on appeal, Petitioner argues that there are "multiple" examples of trial counsel's rendering of ineffective assistance of counsel.  These included trial counsel's failure to prepare for trial by 1) not securing an expert witness to testify on the issue of reliability of eyewitness testimony; 2) not moving to suppress photograph identifications of Petitioner by the eyewitnesses; and 3) not moving to suppress Petitioner's statement to police. Petitioner further asserts that as a direct result of trial counsel's ineffective assistance of counsel, he was coerced into entering a plea of guilty to second degree murder with an agreed sentence of twenty-five years pursuant to a negotiated plea agreement, when he was

facing trial for first degree murder with a sentence of life imprisonment if convicted as charged.

Evidence at the relatively brief post-conviction hearing consisted of the testimony of Petitioner and trial counsel, plus one exhibit, the transcript of the guilty plea hearing. For the purposes of disposition of the precise arguments in this appeal, it is noteworthy to state that the uncontradicted proof showed that no eyewitness identification expert witness was consulted or retained for trial, and no pre-trial motions were filed by trial counsel which challenged the admissibility of the eyewitnesses' photograph identifications or Petitioner's statement to police. Trial counsel testified that the evidence of Petitioner's guilt of first degree murder was strong, and his strategy was to work toward a favorable negotiated settlement of the case in lieu of litigating suppression motions. Trial counsel stated that he would probably have litigated the photograph identification issue if Petitioner had not accepted the State's offer to settle the case.

Petitioner testified that trial counsel met with Petitioner at the jail "several times" prior to the guilty plea hearing. Petitioner admitted trial counsel provided him with a copy of discovery materials and went over the discovery information with Petitioner. Petitioner acknowledged in his testimony that two eyewitnesses identified Petitioner as a shooter during the homicide. According to Petitioner, trial counsel told him several times that he would be convicted of first degree murder if he went to trial. Also, Petitioner claimed that trial counsel used "blunt" language in a letter to Petitioner which expressed the opinion that Petitioner would be convicted as charged if he went to trial.

Regarding the allegations of ineffective assistance of counsel raised in this appeal, Petitioner also testified that he wanted to have a trial and that he was frightened and coerced by trial counsel to enter the guilty plea. He added that he felt trial counsel was not prepared for trial, "[b]ecause he kept telling me to take the twenty-five years. He didn't want me to seek trial and didn't really, didn't investigate the case properly like he [was] suppose[d] to."

The transcript of the guilty plea hearing discloses the following portion of the colloquy between the trial court and Petitioner:

> Q.   When you enter a guilty plea, you're telling me that you understand about your trial rights and you want me to find you guilty without a jury based on this agreement that your attorney has worked out for you?
>
> A.   Yes, sir.

Q.     And the agreement in this case is that the charge that you were originally indicted for, murder in the first degree, will be reduced to murder in the second degree. Murder in the first degree, of course carries life, life without parole or even the death penalty under certain circumstances. And it will be reduced to murder in the second degree, and that carries between 15 and 60 years. In your case the agreed upon sentence is 25 years as a Range I Violent Offender. Is that your understanding?

A.     Yes, sir.

Q.     That's a 100 percent crime in other words. Do you understand that?

A.     Yes, sir.

Q.     Did you discuss that with [trial counsel]?

A.     Yes, sir.

Q.     All right. Now, is this what you want to do?

A.     Yes, sir.

Q.     All right. Well, is anybody making you do this?

A.     No, sir.

Q.     Are you doing it of your own free will?

A.     Yes, sir.

Q.     Do you have any questions about it?

A.     No, sir.

Q.     All right. I know this matter has been pending for a while, but has [trial counsel] done everything you've asked of him in terms of investigating the case? Do you feel like he understands the case fully? Have you told him everything you know about the case?

A.     Yes, sir. Yes, sir.

Q.     All right. And he has - - I understand in fact he's the one who went and negotiated and got this reduction for murder one down to murder two; is that correct?

A.     Yes, sir.

Q.     So are you satisfied with how this is - - was this in your best interest?

A.     Yes, sir.

Q.     All right. Now, it was mentioned that you wanted to enter this plea under *Alf[or]d versus North Carolina*. And what that means is as part of a guilty plea you don't have to say that you did anything that you don't believe that you did.

A.     Right.

Q.     But on the other hand, you have to tell me that you understand this is going to be on your record just like a regular plea. It just means as part of the plea you don't have to admit to something you say you didn't do.

A.     Right.

Q.     All right. And it's often call a Best Interest Plea. What - - what this means usually is you and your attorney have reviewed all the evidence against you and you've decided this is in my best interest to plead to this because if I went to trial on murder first degree, there's good chance I might get convicted of that and get a lot more time. Is that - - is that what your thinking was?

A.     Yes, sir. Yes, sir.

Q.     All right. Like I said, any last chance here, do you have any questions about this that I can answer or any questions about any of this?

A. Yes, sir. One thing I'm trying to see when [will] I be shipped to the penitentiary?

During his direct examination at the post-conviction hearing, Petitioner stated that he did not tell the trial court at the guilty plea hearing that he (Petitioner) was unhappy with trial counsel's representation,

[b]ecause at the point in time, like I say, I caught the charges as a juvenile and I wasn't aware of none of it . . . . I didn't know what was going on. Not, like I say, I caught the charge as a juvenile and the same time I was frightened.

During cross-examination at the post-conviction hearing, Petitioner was questioned as follows regarding his inconsistent testimony in the guilty plea hearing and the post-conviction hearing:

Q. And the next question [at the guilty plea hearing] is: So are you satisfied with how this is, was this in your best interest? And you said: Yes, sir.

So back on June the 27th, just over a year ago you thought the case was in your best interest and the twenty-five years was in your best interest. What made you determine that the twenty-five year guilty plea was not in your best interest considering that you were facing life in prison? In other words, the rest of your life incarceration in the Department of Correction[] in Tennessee. When, when did you decide that the twenty-five years was a bad guilty plea for you?

A. Well at the point in time I been decided it was not a good, a good guilty plea for me because, like I said, the facts of the case they had not have good grounds. They didn't have no sufficient evidence to convict me of second degree or first degree to murder. Because first degree murder it, it's far as premeditation. And second degree murder as far as knowing, it's a knowing of killing.

And they could not have proved none of that fact of me doing it because, like I said, through witness at that point in time never said that he didn't see that I talked to him or knowing of killing that person. At the time the witness had made inconsistent statements pertaining to the case.

-5-

The trial court took the post-conviction proceedings under advisement when the hearing concluded and timely filed a written order denying relief. After summarizing the relevant testimony and quoting a pertinent portion of the guilty plea proceedings, the trial court made the following factual findings in its ruling:

> In the case at hand, it is clear that Petitioner was familiar with criminal proceeding[s] from two prior convictions, and had ample opportunities to confer with his attorney as well as his family. It is also clear that Petitioner chose to plead guilty specifically to avoid the possibility of a more sever[e] sentence.
>
> Petitioner asserts that his attorney was ineffective, but presents no proof to support this. In fact, it appears that counsel was prepared and made every effort to provide support for Petitioner's claim of alibi.
>
> Counsel further had a back up strategy prepared for implementation if Petitioner chose to exercise his right to a jury trial. Petitioner has not shown any deficiency in his representation by trial counsel.
>
> Under all of the circumstances, it is clear that Petitioner entered a "knowing and voluntary" guilty plea in this case. His assertion at this time, unsupported by any proof, that his plea was involuntary is not well taken.

**ANALYSIS**

In order to be granted post-conviction relief, a petitioner must prove the factual allegations supporting relief by clear and convincing evidence at an evidentiary hearing. T.C.A. § 40-30-110(f); *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). The trial court's factual findings in its ruling in a post-conviction proceeding "are conclusive on appeal unless the evidence preponderates against those findings." *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Appellate review of legal issues, or of mixed questions of fact and law, such as in a claim of ineffective assistance of counsel, is de novo with no presumption of correctness. *Pylant v. State*, 263 S.W.3d 854, 867-68 (Tenn. 2008). A petitioner must satisfy both prongs of the two-prong test to prove ineffective assistance of counsel which is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009). These prongs are (1) deficient performance of counsel, defined as "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 687-88, and (2) prejudice to the defendant, defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Dellinger*, 279 S.W.3d at 293. If the petitioner fails to establish either one of the prongs, that

is a sufficient basis to deny relief, and the other prong does not need to be addressed. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004). If a petitioner alleges that trial counsel rendered ineffective assistance of counsel by failing to do an act such as call a witness, present tangible documents for evidence, and/or file a motion to suppress, among other actions, the petitioner is generally obliged to present the witness or the other evidence at the post-conviction hearing in order to satisfy the *Strickland* prejudice prong. *See Pylant*, 263 S.W.3d at 869. In other words, it is incumbent upon a petitioner to prove that what he says trial counsel should have done would have had merit and produced admissible, relevant evidence.

Regarding whether the guilty plea was entered knowingly and voluntarily, the trial court correctly stated the following in its order denying post-conviction relief:

> When determining the knowing and voluntary nature of the guilty plea, the standard is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina vs. Alford*, 400 U.S. 25, 31 (1970). This is elaborated upon in [*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993)] when the Tennessee Supreme Court stated that the reviewing court must look to various circumstantial factors, including
>
> > the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

In light of the above legal authorities it is important to note the type of evidence *not* submitted at the post-conviction hearing. Petitioner did not produce: an expert witness to testify concerning the reliability of eyewitness identification proof; the testimony of the two eyewitnesses who Petitioner claims counsel should have been prepared to question their credibility; the photographs used in the photograph identifications by the eyewitnesses; the circumstances of Petitioner's statements to a police officer; or Petitioner's statement to a police officer. In other words, Petitioner totally failed to prove the prejudice prong of *Strickland*. Since Petitioner's claim that his guilty plea was not knowingly and voluntarily entered as a result of trial counsel's "coercion" because trial counsel had rendered ineffective assistance of counsel by not preparing an adequate defense for a trial, he thus also failed to

prove his guilty plea was not knowingly and voluntarily entered. To the extent Petitioner's arguments on appeal that his guilty plea was not knowingly and voluntarily entered were due to any "coercion" or misunderstanding of the proceedings, the trial court's factual findings refute those arguments. The record overwhelmingly supports the trial court's decision.

Accordingly, we affirm the judgment of the trial court denying the petition for post-conviction relief.

_____
THOMAS T. WOODALL, JUDGE